[No. B097115. Second Dist., Div. Five. July 28, 1997.]

LLOYD W. AUBRY, JR., as Director, etc., Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, EDGAR AMORES
et al., Respondents.

**COUNSEL**

John M. Rea, Anthony Mischel, Albert M. Vieri and Stella Owens-Murell for Petitioner.

Alschuler & Alschuler and Natt D. Alschuler for Respondents.

## Opinion

**ARMSTRONG, J.**—The Uninsured Employers' Fund (UEF) seeks review and annulment of an order of the Workers' Compensation Appeals Board (Board) denying reconsideration of an order awarding benefits to Edgar Amores for work-related injuries he suffered to his right hand in 1992 while employed by Ali Madani Homa Ferdowsi, doing business as Interior Shop. Ferdowsi did not have workers' compensation insurance.

UEF seeks to avoid paying Amores the benefits awarded by the Board, contending that the award is invalid because the Board did not have jurisdiction of the employer at the time the award was made. Jurisdiction did not exist, UEF contends, because Amores served the employer with a claim form and special notice of lawsuit, rather than an application for adjudication and special notice of lawsuit. We conclude that the documents which UEF acknowledges were properly served on the employer in the manner provided for service of summons in the Code of Civil Procedure subjected the employer to the jurisdiction of the Board. Accordingly, we affirm the award and the order denying reconsideration.

The Uninsured Employers' Fund was created by the Legislature to ensure that employees who are injured in the course and scope of their employment receive adequate compensation even if their employers are uninsured. If the award is not paid by the employer, the award, upon application by the person entitled thereto, shall be paid by UEF. (Lab. Code,[1] § 3716, subd. (a).) Once paid, UEF obtains the right to collect the amount of the award from the employer, and may take the employer's house or other dwelling and other property to satisfy the award in a nonjudicial sale, with no exemptions from execution. (§ 3715.)

However, UEF has no liability and may not be joined in any Board proceedings unless the illegally uninsured employer has either made a general appearance in the Board proceeding or has been served "with the application specified in Section 3715" and a special notice of lawsuit. (§ 3716, subd. (d).) The specified documents are to be served on the employer in the manner provided for service of summons in the Code of Civil Procedure. (§ 3716, subd. (d)(1).) Proper service of the required documents on an employer is essential to the Board's personal jurisdiction of the employer. Proper service is essential because, as the Legislature has declared: "Due process requires that uninsured employers be given adequate

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

notice and warning of the pendency of workers' compensation actions against them and of the possible consequences of these actions. . . ." (Stats. 1990, ch. 770, § 5, subd. (e), p. 3472.) Proper service of the document conferring jurisdiction of the claim on the Board and the special notice of lawsuit is adequate notice and warning of the pendency of a workers' compensation action. Proper proof of service is essential to the UEF because an award by the Board without adequate notice to the employer would be an invalid award which the UEF could not enforce to recover from the employer the amounts paid to the employee, thereby damaging the fiscal integrity of the UEF.

 The sole issue presented by this appeal is whether the employer was served with the required documents which enabled the Board to obtain personal jurisdiction over the employer. UEF contends that the application referred to in section 3715 is a reference to the application for adjudication, the filing of which, for injuries occurring before 1989 and after 1993, established the jurisdiction of the Board. Since such an application was not served, UEF concludes that the Board did not have jurisdiction over the employer to make the award in question. Amores contends that because his injury occurred in 1992, service of the claim form with the special notice of lawsuit sufficed to give the Board personal jurisdiction of the employer. We agree with Amores.

Section 3716, subdivision (d) does not expressly require the service of an "application for adjudication" with the special notice of lawsuit as UEF contends. It requires service of "the application specified in Section 3715." Section 3715, subdivision (a) specifies that an employee whose employer has failed to secure payment of compensation may file an "application with the appeals board for compensation and the appeals board shall hear and determine the application for compensation in like manner as in other claims and shall make the award to the claimant as he or she would be entitled to receive if the employer had secured the payment of compensation as required, . . ."

This language is a clear statement of legislative intention that the "application for compensation" referred to in section 3715 is the document which must be filed with the Board in order to give the Board jurisdiction of the claim, and it is that document which must be served on the employer with the special notice of lawsuit in the manner required by section 3716 in order to give the Board personal jurisdiction over the employer. "[W]hen the Legislature has stated the purpose of its enactment in unmistakable terms, we must apply the enactment in accordance with the legislative

direction, and all other rules of construction must fall by the wayside. Speculation and reasoning as to legislative purpose must give way to expressed legislative purpose." (*Milligan* v. *City of Laguna Beach* (1983) 34 Cal.3d 829, 831 [196 Cal.Rptr. 38, 670 P.2d 1121].)

 For injuries occurring in the years 1990, 1991, 1992, and 1993, jurisdiction of the Board was established by the filing of a claim form. This conclusion is derived from the last paragraph of section 5500 (added by the 1993 amendment to the section) which reads: "Notwithstanding Section 5401, except where a claim form has been filed for an injury occurring on or after January 1, 1990, and before January 1, 1994, the filing of an application for adjudication and not the filing of a claim form shall establish the jurisdiction of the appeals board and shall commence proceedings before the appeals board for the collection of benefits."[2] To interpret section 3716 to require service of an application for adjudication for injuries occurring in 1990, 1991, 1992 or 1993 as the sole means of establishing the Board's jurisdiction during this time period as UEF urges would require us to ignore the fact that service of the claim form confers jurisdiction on the Board and would contradict the unmistakable language of sections 3715 and 3716. Thus, we conclude that service of the claim form and special notice of lawsuit on the employer in this case subjected the employer to the jurisdiction of the Board. Service of the application for adjudication on the employer, and not the claim form, is required in cases where the injury occurred before January 1, 1990, or after December 31, 1993.

UEF contends that *Yant* v. *Snyder Dickerson* (1982) 47 Cal.Comp.Cases 254, establishes that the employer must be served with a copy of the application for adjudication of claim. We do not read *Yant* so broadly. In *Yant*, the Board, at page 259, concluded only that ". . . it is not unreasonable to require the applicant to (1) name the employer in the proper manner, and (2) effect service in the manner required by Code of Civil Procedure for a default judgment." No question was raised as to whether the applicant had attempted to serve the proper documents.

---

[2]The Labor Code has been amended several times in the last few years with regard to the manner in which compensation cases are initiated. Prior to 1990, workers' compensation cases were initiated by an application for adjudication filed with the Board and served on the employer. Trial was initiated by a declaration of readiness. The Margolin-Bill Greene Workers' Compensation Reform Act of 1989, effective January 1, 1990 (Stats. 1989, ch. 892, p. 2982), amended section 5401 to provide, among other things, that filing of the claim form with the employer established the jurisdiction of the Board. (§ 5401, subd. (c).) An application for adjudication was only filed with the Board at any time there was a dispute, i.e., when trial was required on an issue. (Former § 5500, subd. (b).) In 1993, section 5500 was amended to provide that the application for adjudication, not the claim form, established the jurisdiction of the Board, except in those cases where a claim form had been filed after January 1, 1990, and before January 1, 1994. (Stats. 1993, ch. 121, § 63.)

*Disposition*

The order of the Board denying reconsideration of the award is affirmed. Edgar Amores shall recover costs incurred in this writ proceeding from petitioner UEF.

Grignon, Acting P. J., and Godoy Perez, J., concurred.

On August 27, 1997, the opinion was modified to read as printed above.